# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARING SOUND, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>AUDIO AND VIDEO LABS, INC.;<br>BRAVADO INTERNATIONAL GROUP<br>MERCHANDISING SERVICES, INC.;<br>CLBL, INC.; WARNER MUSIC INC.;<br>GRATEFUL DEAD PRODUCTIONS;<br>LIVE NATION ENTERTAINMENT, INC.;<br>LIVE NATION WORLDWIDE, INC.;<br>MYPLAY DIRECT, INC.; and<br>SONY MUSIC ENTERTAINMENT.<br><br>   Defendants. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SHARING SOUND, LLC files this Complaint against the named defendants, alleging as follows:

## PARTIES

1. SHARING SOUND, LLC ("Sharing Sound") is a Texas limited liability company with its principal place of business at 1703 Judson Road, Longview, Texas 75602.

2. AUDIO AND VIDEO LABS, INC. ("A&V Labs") is a New Jersey corporation. A&V Labs has conducted business in Delaware, but has not registered an agent for service of process in Delaware. Accordingly, it may be served pursuant to the Delaware long-arm statute, 10 *Del. C.* § 3104.

3. BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. ("Bravado") is a California corporation. Bravado has conducted

business in Delaware, but has not registered an agent for service of process in Delaware. Accordingly, it may be served pursuant to the Delaware long-arm statute, 10 *Del. C.* § 3104.

4. CLBL, Inc. ("CLBL") is a Connecticut corporation. CLBL has conducted business in Delaware, but has not registered an agent for service of process in Delaware. Accordingly, it may be served pursuant to the Delaware long-arm statute, 10 *Del. C.* § 3104.

5. WARNER MUSIC INC. ("Warner") is a Delaware corporation. Its registered agent for service is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

6. GRATEFUL DEAD PRODUCTIONS ("Grateful Dead") is a California corporation. Grateful Dead has conducted business in Delaware, but has not registered an agent for service of process in Delaware. Accordingly, it may be served pursuant to the Delaware long-arm statute, 10 *Del. C.* § 3104.

7. LIVE NATION ENTERTAINMENT, INC. ("Live Nation") is a Delaware corporation. Its registered agent for service is Corporation Service Company, 2711 Centerville Road, Suite 400; Wilmington, DE 19808.

8. LIVE NATION WORLDWIDE, INC. ("Live Nation Worldwide") is a Delaware corporation. Its registered agent for service is Corporation Service Company, 2711 Centerville Road, Suite 400; Wilmington, DE 19808.

9. MYPLAY DIRECT, INC. ("MyPlay") is a Delaware corporation. Its registered agent for service is Corporation Service Company, 2711 Centerville Road, Suite 400; Wilmington, DE 19808.

10. SONY MUSIC ENTERTAINMENT ("SME") is a Delaware general partnership. Its registered agent for service is Corporation Service Company, 2711 Centerville Road, Suite 400; Wilmington, DE 19808.

**JURISDICTION AND VENUE**

11. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, each defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

13. Each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to each defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this district.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 6,233,682**

14. On May 15, 2001, United States Patent No. 6,233,682 ("the 682 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Distribution of Musical Products By a Web Site Vendor over the Internet." A true and correct copy of the 682 patent is attached hereto as Exhibit A.

15. Sharing Sound is the owner of the 682 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 682 patent against infringers, and to collect damages for all relevant times.

16. On information and belief, A&V Labs directly, or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe, or in a manner than infringes, one or more claims of the 682 patent. These acts of infringement include at least its sale of music on its

cdbaby website. On information and belief, A&V Labs' infringements were willful and with full knowledge of the 682 patent or with reckless indifference to its existence.

17. On information and belief, Bravado directly, or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe, or in a manner than infringes, one or more claims of the 682 patent. These acts of infringement include at least its sale of music on its bravado website, including its bravado artist stores. On information and belief, Bravado's infringements were willful and with full knowledge of the 682 patent or with reckless indifference to its existence.

18. On information and belief, CLBL directly, or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe, or in a manner than infringes, one or more claims of the 682 patent. These acts of infringement include at least its sale of music on its CD Universe website. On information and belief, CLBL's infringements were willful and with full knowledge of the 682 patent or with reckless indifference to its existence.

19. On information and belief, Warner and Grateful Dead directly, or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe, or in a manner than infringes, one or more claims of the 682 patent. These acts of infringement include at least their sale of music on their dead.net website. On information and belief, Warner and Grateful Dead's infringements were willful and with full knowledge of the 682 patent or with reckless indifference to its existence.

20. On information and belief, Live Nation and Live Nation Worldwide directly, or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe, or in a manner than infringes, one or more claims of the 682 patent. These acts of infringement include at least their sale of music on their Live Nation website. On information and

belief, Live Nation and Live Nation Worldwide's infringements were willful and with full knowledge of the 682 patent or with reckless indifference to its existence.

21. On information and belief, MyPlay and SME directly, or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe, or in a manner than infringes, one or more claims of the 682 patent. These acts of infringement include at least their sale of music on their ariama website. On information and belief, MyPlay and SME's infringements were willful and with full knowledge of the 682 patent or with reckless indifference to its existence.

## JURY DEMAND

Sharing Sound hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Sharing Sound requests that the Court find in its favor and against defendants, and that the Court grant Sharing Sound the following relief:

a. Judgment that one or more claims of United States Patent No. 6,233,682 have been infringed, either literally and/or under the doctrine of equivalents, by one or more defendants and/or by others to whose infringement defendants have contributed and/or by others whose infringement has been induced by defendants;

b. A permanent injunction enjoining defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the 682 patent;

c. Judgment that defendants account for and pay to Sharing Sound all damages to and costs incurred by Sharing Sound because of defendants' infringing activities and other conduct complained of herein;

d. That defendants' infringements be found to be willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. §

284;

  e. That Sharing Sound be granted pre-judgment and post-judgment interest on the damages caused by defendants' infringing activities and other conduct complained of herein;

  f. That this Court declare this an exceptional case and award Sharing Sound its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

  g. That Sharing Sound be granted such other and further relief as the Court may deem just and proper under the circumstances.

April 19, 2011

OF COUNSEL:

Matthew J. Antonelli
Zachariah S. Harrington
Larry D. Thompson, Jr.
ANTONELLI, HARRINGTON & THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

BAYARD, P.A.

 /s/ *Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrarueman@bayardlaw.com
*Attorneys for Plaintiff*
 *Sharing Sound LLC*